J-S37014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENT NORRIS OWENS | |
| Appellant | No. 1701 MDA 2016 |

Appeal from the PCRA Order entered September 7, 2016
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0006404-2009

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:          **FILED AUGUST 15, 2017**

Appellant, Kent Norris Owens, appeals from the September 7, 2016 order entered in the Court of Common Pleas of York County, denying as untimely Appellant's second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

On September 9, 2010, a jury convicted Appellant of aggravated assault, recklessly endangering another person, and assault of a law enforcement officer, all stemming from an incident that occurred on June 2, 2009 in York City.  On October 22, 2010, the trial court sentenced Appellant to an aggregate term of no less than twenty nor more than forty years' imprisonment.  We affirmed his judgment of sentence on March 9, 2012. **See Commonwealth v. Owens**, 47 A.3d 1239 (Pa. Super. 2012)

(unpublished memorandum). Appellant sought reargument, which we denied. On November 14, 2012, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Owens***, 57 A.3d 69 (Pa. 2012).

Appellant filed his first PCRA petition on August 28, 2013. By order entered January 12, 2015, the PCRA court denied the petition. On appeal to this Court, Appellant asserted PCRA court error for dismissing the petition without a hearing. We rejected that assertion, finding the PCRA court correctly concluded that Appellant's ineffectiveness claims did not warrant an evidentiary hearing. ***Commonwealth v. Owens***, 131 A.3d 97 (Pa. Super. 2015) (unpublished memorandum). On December 22, 2015, the Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Owens***, 128 A.3d 1206 (Pa. 2015).

On July 5, 2016, Appellant filed his second PCRA petition, the dismissal of which is at issue in this appeal. On August 15, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing in twenty days, *i.e.*, on September 4, 2016. Rather than file a response, Appellant filed a petition postmarked September 7, 2016, requesting an extension of time to respond. By order entered September 14, 2016, the PCRA court denied the request for an extension.

In the interim, by order entered September 7, 2016, the PCRA court denied Appellant's second PCRA petition as untimely. The court noted that

Appellant's judgment of sentence was final on December 15, 2012, thirty days after the Supreme Court denied his petition for allowance of appeal.[1] Appellant's second petition was not filed until July 5, 2016, almost three and a half years after the judgment became final. The PCRA court also explained that Appellant did not allege or prove any exception to the PCRA's time limitations, which require that a PCRA petition—including a second or subsequent petition—be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves an exception. 42 Pa.C.S.A. § 9545(b)(i)-(iii). PCRA Court Order, 9/7/16, at 1-2.

Appellant filed a timely appeal from the September 7, 2016 order.[2] On October 14, 2016, the PCRA court issued an order directing Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 15, 2016, Appellant filed a "Petition for Extension of Time to File the Trial Court's Ordered Upon Direction to File Statement of Errors Complained on Appeal." By order entered November 21, 2016, the

---

[1] For the sake of accuracy, we observe that Appellant's judgment of sentence was final on February 13, 2013, when the time for seeking discretionary review with the United States Supreme Court expired. **See** U.S. Supreme Court Rule 13.

[2] The docket reflects that Appellant's notice of appeal was filed on October 13, 2016. However, the certified record includes the mailing envelope for the notice of appeal that bears an October 7, 2016 postmark. Under the Prisoner Mailbox Rule, the appeal is timely filed. **See** Pa.R.A.P. 121 (a).

PCRA court denied the request, noting Appellant's 1925(b) statement was due on November 4, 2016, eleven days before he requested an extension, and further noting that the only reason offered for seeking an extension was the fact Appellant was in prison, which "is not sufficient reason for [Appellant] to be granted an extension." PCRA Court Order, 11/21/16, at 1.

On December 6, 2016, the court issued a Rule 1925(a) statement as a supplement to its September 7, 2016 order, acknowledging Appellant's November 15, 2016 request for an extension and asking this Court to find Appellant's appeal waived for failure to file a Rule 1925(b) statement. Alternatively, the PCRA court asks us to affirm for the reasons set forth in its August 15, 2016 Rule 907 notice of dismissal. Rule 1925(a) Statement, 12/16/16, at 1-2.

In his brief, Appellant asks us to consider one issue, which we repeat here verbatim:

> Did the lower Court err denying Appellant's ineffective claim, i.e. (layered claim) of ineffectiveness—and where Appellant was represented by new counsel on appellate review and on PCRA were the [claims] had 'bottomed' on trial counsel's ineffectiveness.

Appellant's Brief at 1.

Before addressing the merits of Appellant's claim, we must determine whether Appellant has preserved the issue for our review, as required by Pa.R.A.P. 1925(b). Here, Appellant requested an extension of time to file a Rule 1925(b) statement. That request, made after the deadline for filing the

- 4 -

statement had passed, was denied by the PCRA court and no Rule 1925(b)

statement was filed. Therefore, Appellant has not preserved any issues for

appeal. *See Greater Erie Indus. Development Corp. v. Presque Isle*

*Downs, Inc.*, 88 A.3d 222, 223 (Pa. Super. 2014) (*en banc*) (quoting, *inter*

*alia*, *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("[a]ppellants

must comply whenever the trial court orders them to file a Statement of

[Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not

raised in a 1925(b) statement will be deemed waived.")).

We note, however, that even if Appellant had properly preserved his

issue, he would not be entitled to relief. Appellant's petition was a second

PCRA petition, filed more than three and a half years after his judgment of

sentence became final. Appellant did not allege or prove any exception to

the PCRA's timeliness requirements. As the PCRA court recognized:

> [Appellant's] contentions in his pro se 2nd PCRA Petition are incomprehensible and unintelligible. Despite [Appellant's] contentions to the contrary, he has failed to plead and prove any exception to the timeliness requirements.
>
> "The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of tissues raised in a petition if it is not timely filed." *Commonwealth v. Abu-Jamal*, 596 Pa. 219, 227, 941 A.2d 1263-1267-68 (2008) (citations omitted). "It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." *Id.*
>
> As [Appellant] has failed to allege and prove that any of the timeliness exceptions are applicable, the [c]ourt does not have jurisdiction to reach the merits of [Appellant's] petition.

Rule 907 Notice of Intent to Dismiss, 8/15/16, at ¶ 7.[3]  Therefore, even if Appellant had preserved his issue in a timely Rule 1925(b) statement, the PCRA court did not have jurisdiction to consider the merits of Appellant's petition and this Court likewise lacks jurisdiction over it.  Therefore, we must affirm the PCRA court's September 7, 2016 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017

---

[3] The PCRA court's Rule 907 notice explained the PCRA's jurisdictional requirements and the petitioner's burden to allege and prove an exception to the PCRA's time bar.  Nevertheless, the court's explanation appears to have fallen on deaf ears.  In his brief, Appellant never mentions timeliness but instead discusses only his claims of ineffectiveness of counsel.